T.C. Memo. 2002-51


UNITED STATES TAX COURT


VERNICE B. KUGLIN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2657-00L.                    Filed February 25, 2002.


Joyce Griggs, for petitioner.

Ross M. Greenberg, for respondent.



MEMORANDUM OPINION


FOLEY, Judge:  The issue for decision is whether respondent

has met the requirements of section 6330.[1]

_____

    [1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code as amended.

## Background

On June 16 and July 16, 1997, respondent issued notices of deficiency relating to Vernice Kuglin's 1994 and 1995 Federal income taxes, respectively, but petitioner did not seek redetermination of the deficiencies.

On December 4, 1997, petitioner's counsel requested a copy of the assessments relating to petitioner's 1994 and 1995 income taxes. On June 28, 1999, respondent issued a Notice of Intent to Levy and Notice of Your Right to a Hearing. On July 15, 1999, petitioner filed a Request for a Collection Due Process Hearing (i.e., Form 12153) and contended that there was no "valid summary record of assessment". On September 16, 1999, respondent's Appeals officer printed out computer transcripts (transcripts) of respondent's records. The transcripts contained petitioner's Social Security number and the first four letters of her last name; monetary figures representing amounts assessed, identified by respondent's transaction codes; and petitioner's adjusted gross and taxable income. In a letter dated December 13, 1999, the Appeals officer responded to petitioner's request for a hearing and scheduled a telephone hearing, which was held on January 25, 2000.

On February 16, 2000, respondent issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (determination), sustaining the proposed collection

action.  In making the determination, respondent relied on the transcripts to verify the assessments.  Respondent, before making his determination, did not give petitioner copies of these transcripts or Forms 4340, Certificates of Assessments, Payments, and Other Specified Matters (Forms 4340).

On March 7, 2000, petitioner, who was residing in Memphis, Tennessee, filed her petition for review of the determination with the Court.  Respondent provided petitioner with copies of Forms 4340 on December 4, 2000.  At trial, on January 8, 2001, respondent moved for the imposition of a section 6673(a)(1) penalty.

## Discussion

Section 6330(b)(1) provides that if a taxpayer requests a hearing, "such hearing shall be held by the Internal Revenue Service Office of Appeals."  Section 6330(c)(1) provides:  "The appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  Section 6330(d) provides for Tax Court review of the Commissioner's determination relating to the section 6330 hearing.

Petitioner contends that the Appeals officer abused his discretion by relying on the transcripts to verify the assessment, and that section 6330(c)(1) requires the production of Form 23C.  Respondent contends that an Appeals officer, in

verifying the assessments, may rely on computer transcripts that contain the requisite information.

We agree with respondent. Section 6203 authorizes the Secretary to make assessments. The assessment officer, appointed by the Secretary, makes the assessment by signing the summary record of assessment. Sec. 301.6203-1, Proced. & Admin. Regs. The summary record of assessment must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Id. Section 6330(c)(1), however, does not require that the Commissioner verify the information by using a particular source (i.e., the summary record itself rather than a computer transcript). The transcripts respondent used for the verification contained the requisite information. Respondent's reliance on such transcripts was not an abuse of discretion.

Where the Commissioner provides the taxpayer with Forms 4340 (i.e., proof of assessment) after the hearing and before trial, and the taxpayer does not "show at trial any irregularity in the assessment procedure that would raise a question about the validity of the assessments", the taxpayer is not prejudiced. Nestor v. Commissioner, 118 T.C. ___, ___ (2002) (slip op. at 9). At trial, petitioner did not show any irregularity in the assessment procedure. Accordingly, we sustain respondent's determination.

Respondent contends that petitioner's position is frivolous and instituted primarily for delay and that, pursuant to section 6673(a)(1), the Court should impose a penalty on petitioner. We decline, however, to impose such a penalty in this case.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.