T.C. Memo. 2002-67


UNITED STATES TAX COURT


JOHNNIE ANN HOLLIDAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 5544-01L.                    Filed March 19, 2002.


Johnnie Ann Holliday, pro se.

<u>Ann M. Welhaf</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  The within proceeding was commenced in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330.  Petitioner contends
that the determination was invalid because the Appeals officer
did not deliver to her at the time of the section 6320(b) hearing
certain documents that she demanded in her request for a hearing.

Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

## Background

Petitioner resided in Phoenix, Arizona, at the time that she filed her petition in this case. In response to a notice of filing Federal tax lien for 1991, 1992, and 1993, petitioner sent to the Internal Revenue Service (IRS) Office of Appeals a request for a hearing dated September 27, 2000. The request contained language challenging petitioner's tax liability and IRS procedures but did not address alternative methods of collection.

A hearing was held March 1, 2001, in response to petitioner's request. The Appeals officer commenced the hearing by stating that the purpose of the hearing was "to explore collection alternatives to the outstanding tax liability for the tax periods 1991, 1992, and 1993." Petitioner's husband spoke for petitioner at the hearing. The Appeals officer stated that he had requested the Form 4340, Certificate of Assessments, Payments and Other Specified Matters, and would mail it to petitioner when it became available. Petitioner's husband asserted that the form had to be provided at the hearing. Petitioner's husband argued that "the IRS agency generally files bogus tax returns for people", petitioner was not required to file a tax return, and petitioner had not received a valid notice of deficiency.

After the hearing and before the date of the notice of determination, the Appeals officer sent to petitioner a "MFTRA-X".  The Appeals officer testified at trial:

>     Q     [By respondent's counsel]    And explain to me what the difference between a MFTRA-X is and the tax * * * [module] that you've already testified you looked at.
>
>     A     [By Appeals officer]    The MFTRA-X is a user-friendly transcript of the taxpayer's account.  It is in plain English.  It's in understandable terms, whereas the tax module is not.
>
>     Q     Does it contain--what kind of information does it contain?
>
>     A     The MFTRA-X contains the taxpayer's name, the taxpayer's identification number, the type of tax that is owed, the date of the assessment, and the amount of the assessment.
>
>     Q     Why did you mail those to the taxpayers opposed to the 4340s?
>
>     A     Well, the MFTRA-X and the 4340, they're both obtained from IDRS, and the MFTRA-X is retrievable faster than a 4340, and I also figured that because it obtained [sic] the same information, I would forward the MFTRA-X to the taxpayers.
>
>     Q     Did you forward that to her prior to the date that the notice of determination was issued in this case?
>
>     A     Yes, I did.
>
>     Q     Can you explain to the Court what is the difference between a MFTRA-X and a Form 4340?
>
>     A     There's relatively little difference.  The major difference is that the 4340 is certified by the IRS, whereas the MFTRA-X is not.

On March 15, 2001, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to petitioner. The notice stated in part:

> During your hearing your arguments consisted of disputing the assessment, notice and demand and receipt of the Statutory Notice of Deficiency.
>
> As explained to you during your hearing, you did not file your tax returns for the periods 1991, 1992 and 1993 and therefore the Service filed returns for you based on information filed with the IRS such as 1099 and W-2 information. A Statutory Notice of Deficiency was mailed to you at your last known address, therefore per IRC sec. 6330(c)(2)(B) you cannot challenge the amount or existence of the liability. At your request a transcript of your account will be sent to you verifying the legality of the assessment and the fact that payment has not been made.
>
> You offered no collection alternatives in your hearing even though you were requested to do so.
>
> You offered no other collection alternatives or challenges to the appropriateness of the collection actions and because you offered no collection alternatives to the lien and would not provide financial information so collection alternatives to the lien could be considered, it is the determination of the Appeals Office that the Director of the Service Center was correct when he determined the lien should be filed.

In the petition, and in a subsequently filed Motion to Dismiss for Lack of Jurisdiction, petitioner alleged, among other things, that: (1) The Appeals officer was biased because he notified her that arguments in her request for a hearing were frivolous and without merit; (2) the Appeals officer "tried to intimidate * * * [her] with threat of court sanctions"; (3) the Appeals officer did not produce "verification from the Secretary

that the requirements of any applicable law or administrative procedure have been met"; (4) the Appeals officer "<u>could not produce any tax return</u> * * * that could have served as the basis for any such alleged assessment"; (5) she had a right to challenge the existence of the underlying tax liability because she did not receive "a valid notice of deficiency"; and (6) there was no statute establishing an "underlying liability".

Contemporaneously with filing the petition in this case, petitioner filed a Motion to Dismiss for Lack of Jurisdiction, contending that the determination in this case was invalid as a matter of law because she did not receive a proper hearing. Respondent objected to petitioner's motion to dismiss. In Petitioner's Response to Respondent's Objections to Motion to Dismiss for Lack of Jurisdiction, petitioner asserted:

> (1.) Respondent argues (7) that Petitioner received a valid Statutory Notice of Deficiency. That Notices received by Petitioner were invalid.
>
> Before I did anything with respect to the "Notice," I first established whether or not it was sent pursuant to law, whether or not it had the "force and effect of law," and whether Mr. Cox had any authority to send me the notice in the first place.

Petitioner's motion to dismiss was denied; the Court found that the determination letter was valid for purposes of invoking the Court's jurisdiction in this case.

Prior to trial, respondent sent to petitioner Forms 4340, certified May 21, 2001. Prior to trial, petitioner filed a

Motion in Limine, seeking to prevent respondent from using any document or record or presenting any testimony not presented during the hearing. The Motion in Limine was denied, and, during the trial, petitioner repeated her objection to each document offered by respondent. During the trial, petitioner conceded that she had received the statutory notice of deficiency but asserted that "it was not valid". A copy of the Notice of Deficiency that was received in evidence at trial shows that the notice was sent to the same address used by petitioner in this case. The notice determines deficiencies for 1991, 1992, and 1993 and additions to tax under sections 6651(a)(1) and 6654.

## Discussion

Upon review of the entire record in this case, it is apparent that there is no merit to petitioner's contention that the statutory notice sent to her for 1991, 1992, and 1993 was invalid. Petitioner has not shown in fact or as a matter of law that there was any defect in the assessment that gave rise to the lien that was the subject of the request for a hearing.

The only issue to be decided is whether the Appeals officer abused his discretion by sending the notice of determination after failing to deliver to petitioner at the hearing "verification from the Secretary that the requirements of any applicable law or administrative procedure have been met".

The requirement of a verification is set forth in section 6330(c)(1) and has been the subject of recent Tax Court opinions. In <u>Davis v. Commissioner</u>, 115 T.C. 35 (2000), and in <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001), we held that reliance by an Appeals officer on Form 4340 to verify the assessments was not an abuse of discretion. In <u>Nestor v. Commissioner</u>, 118 T.C. 162 (2002), we held that, where respondent provides the taxpayer with Forms 4340 after the hearing and before trial, and the taxpayer does not show any irregularity in the assessment procedure and is not, therefore, prejudiced, the failure to provide the forms at the hearing did not invalidate the determination to proceed with the collection. We also held that reliance on transcripts other than Forms 4340 during the hearing, even where copies were not provided to the taxpayer, was not an abuse of discretion. See <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53; <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51.

We conclude that respondent's determination was not an abuse of discretion.

<u>Decision will be entered for respondent</u>.