T.C. Memo. 2002-106

UNITED STATES TAX COURT

SUSAN P. OBERSTELLER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7693-01L.                    Filed April 29, 2002.

Susan P. Obersteller, pro se.

<u>T. Richard Sealy III</u> and <u>Catherine Tyson</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's motion under Rule 121 for summary judgment.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

The issue for decision is whether respondent abused his discretion in relying upon transcripts of account to verify assessment of petitioner's tax liabilities for purposes of section 6330(c)(1).

## Background

At the time the petition was filed, petitioner resided in Portland, Texas.

On August 29, 2000, respondent filed a Notice of Federal Tax Lien (lien filing) against petitioner relating to petitioner's assessed and unpaid Federal income taxes for 1992 and 1993.

On September 20, 2000, petitioner timely submitted to respondent's Appeals Office a written request for a collection hearing under section 6320 to challenge respondent's lien filing. In petitioner's written request, petitioner did not identify any specific issues or the basis for any specific challenges to respondent's lien filing.

On January 11 and 31, 2001, respondent's Appeals Office mailed letters to petitioner inviting petitioner to meet personally with respondent's Appeals officer, and respondent enclosed with those letters copies of petitioner's transcripts of account for 1992 and 1993 (Form MEFTRA) and a "plain language" computer printout of petitioner's account for 1992 and 1993 (the individual master file (IMF)).

Between January 24 and May 7, 2001, petitioner, petitioner's spouse, and petitioner's legal representative exchanged a number of letters with respondent's Appeals officer in which petitioner explained that petitioner would only be satisfied if respondent provided to petitioner not the above transcripts of account but specifically "Forms 23C, Summary Record of Assessments" relating to petitioner's Federal income taxes for 1992 and 1993.

In his letters, respondent's Appeals officer made it clear that respondent was relying on the above referenced transcripts of account, not "Forms 23C", to verify the assessments that were the bases for the lien filing, and that respondent was willing to meet face-to-face with petitioner and petitioner's spouse and representative and to make available to petitioner additional copies of those transcripts.  Respondent's letters also suggested specific dates for a face-to-face meeting, but petitioner and petitioner's representative refused to meet with respondent's Appeals officer unless a commitment was made by the Appeals officer to obtain and to have at the meeting a copy of "Forms 23C" relating to petitioner's 1992 and 1993 Federal income taxes.

On May 17, 2001, respondent's Appeals Office mailed to petitioner's representative a notice of determination in which it was explained that the above lien filing made by respondent with

respect to petitioner's assessed and unpaid taxes for 1992 and 1993 was sustained.

On June 15, 2001, petitioner filed, under section 6330(d)(1), a petition for judicial review of the above final determination made by respondent regarding collection of petitioner's assessed and unpaid taxes for 1992 and 1993. On July 16, 2001, petitioner filed an amended petition.

## Discussion

Petitioner asserts that, because respondent refused to provide a copy of a signed "Form 23C" at the collection hearing, respondent's Appeals officer failed to properly verify under section 6330(c)(1) that respondent's lien filing met the requirements of "any applicable law or administrative procedure".

We have repeatedly held that, absent irregularities, respondent may rely on Forms 4340 and transcripts of account for the purpose, under section 6330(c)(1), of verifying data relevant to respondent's assessments of tax deficiencies against taxpayers. Nestor v. Commissioner, 118 T.C. 162, 166 (2002); Lindsey v. Commissioner, T.C. Memo. 2002-87; Howard v. Commissioner, T.C. Memo. 2002-81; Holliday v. Commissioner, T.C. Memo. 2002-67; Duffield v. Commissioner, T.C. Memo. 2002-53; Mann v. Commissioner, T.C. Memo. 2002-48.

In the alternative, petitioner asserts generally that she did not receive the type of "due process" hearing that is

anticipated under section 6330.  To the contrary, petitioner and petitioner's representative were repeatedly notified of respondent's willingness to meet, of suggested dates and times for a meeting, and of respondent's willingness to consider any specific, good faith issues raised by petitioner under section 6330(c)(2).

Petitioner makes only frivolous arguments.

Respondent's Appeals Office did not abuse its discretion in sustaining respondent's lien filing.  We shall grant respondent's motion for summary judgment.

<u>An appropriate order and decision will be entered</u>.