Steve HERNANDEZ, Petitioner—Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 06–75745.

United States Court of Appeals, Ninth Circuit.

Submitted April 22, 2008.*

Filed April 30, 2008.

Steve Hernandez, Tempe, AZ, pro se.

Donald L. Korb, Acting Chief Counsel Internal Revenue Service, Washington, DC, John Schumann, Eileen J. O'Connor, Esq., U.S. Department of Justice Tax Division, Washington, DC, for Respondent–Appellee.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

MEMORANDUM **

Steve Hernandez appeals pro se from the tax court's summary judgment upholding the Commissioner's imposition of a levy in a collection action. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We review de novo. *Hughes v. United States,* 953 F.2d 531, 541 (9th Cir.1992). We affirm.

The tax court properly determined that Hernandez was precluded from challenging the underlying tax liability because he

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

received statutory notices of the deficiencies. *See* 26 U.S.C. § 6330(c)(2)(B); *Nestor v. Comm'r,* 118 T.C. 162, 165 (2002).

The tax court also correctly concluded that the appeals officer did not abuse his discretion in verifying that all legal and administrative requirements had been met. *See, e.g., Hughes,* 953 F.2d at 535–36 (stating Form 4340 is presumptive proof of a valid assessment); *Nestor,* 118 T.C. at 167.

Hernandez's contention that the tax court considered documents outside of the administrative record is unfounded. *See Thompson v. United States Dep't of Labor,* 885 F.2d 551, 555 (9th Cir.1989) (stating the administrative record includes all documents and materials directly or indirectly considered by agency decision-makers).

Hernandez's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.