T.C. Memo. 2012-34

UNITED STATES TAX COURT

SAM WILLIAM PALMER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1398-10.                    Filed February 6, 2012.

Sam William Palmer, pro se.

<u>Dessa J. Baker-Inman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PARIS, <u>Judge</u>: On October 19, 2009, respondent issued to petitioner a notice

of deficiency which determined a Federal income tax deficiency of $656

and additions to tax under section 6651(a)(1)[1] and (2) of $147.60 and $91.84, respectively, for petitioner's 2006 tax year.  Petitioner filed a timely petition with this Court.  The issues for decision are:  (1) Whether respondent's New York office has the authority to issue a notice to petitioner, who resided in Oklahoma at the time the notice of deficiency was issued and (2) whether petitioner is liable for an income tax deficiency and additions to tax in the amounts determined by respondent for tax year 2006.

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulation of facts and the exhibits attached thereto are incorporated herein by this reference.  At the time the petition was filed, petitioner resided in Oklahoma.

Petitioner did not file an income tax return for tax year 2006 and made no payments in regard to his tax liability for that year.  Consequently, respondent filed a substitute for return for petitioner on August 3, 2009, pursuant to section 6020(b) stating that, for his tax year 2006, petitioner received $15,019 in funds, composed of rents or royalties of $14,615, dividends of $54, and interest of $350.  Petitioner does not argue that he did not receive these funds; rather, petitioner argues

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the period at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

that the New York office of the Internal Revenue Service (IRS) does not have the authority to issue a notice of deficiency to him because the New York office did not provide petitioner with confirmation that the Secretary of the Treasury delegated his authority to the New York office to issue a notice of deficiency to him. Petitioner argues that because the New York office is not within petitioner's geographical district, which consists of Oklahoma, Texas, and Arkansas, the New York office has no authority to issue him a notice of deficiency.

OPINION

Jurisdiction of the IRS

Petitioner does not argue that he did not receive a notice of deficiency and should not have to pay taxes. Rather, petitioner argues that the notice of deficiency sent to him from the New York office is invalid as the New York office has no authority over him because he lives in Oklahoma and is accountable only to the IRS office which encompasses the IRS district in which he lives.

Petitioner argues that the IRS' Holtsville, New York, office has no authority to issue a notice of deficiency to him as he does not live in the geographic district which encompasses New York and has offered nothing to show that this office has been delegated authority to issue such notice by the Secretary of the Treasury.

Specifically, in his letter to the Holtsville, New York, office, petitioner asked the New York office to provide him with "proof that you have been properly delegated by the Secretary of [sic] Treasury." Pursuant to the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, sec. 1001(a), 112 Stat. at 686, the IRS replaced its original national/regional/district structure with organizational units that served particular industries or groups of taxpayers. See also Notice 2010-53, 2010-31 I.R.B. 182.

The arguments that petitioner has raised have been deemed frivolous by this Court and many others. See Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002) (holding that the Secretary or his delegate may issue a notice of deficiency pursuant to sections 6212(a) and 7701(a)(11)(B) and (12)(A)(i)); Reynolds v. Commissioner, T.C. Memo. 2006-192 (holding that a notice of deficiency prepared and issued by a compliance center director is valid without obligating the director to produce a copy of the delegation order). It is well established that the Secretary or his delegate is authorized by statute to issue notices of deficiency, secs. 6212(a), 7701(a)(11)(B), (12)(A)(i), and it is well established that the director of an IRS compliance center is an authorized delegate, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992) (holding that the Commissioner's delegation of authority to district directors and the subsequent delegation to local IRS employees

is a valid delegation of authority); Reynolds v. Commissioner, T.C. Memo. 2006-192; see also Pendola v. Commissioner, 50 T.C. 509, 512 (1968) (holding that the section 301.6212-1 is clear that District Directors have authority to send deficiency notices and there is no provision in the Code or the regulations which limits their authority to send deficiency notices to taxpayers within a particular district); sec. 301.6212-1, Proced. & Admin. Regs. Accordingly, this Court finds that petitioner's argument is consistent with other tax-protester arguments previously deemed frivolous and rejects it as such.

Petitioner's 2006 Income Tax Liability

In general, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of disproving these determinations. See Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden on factual issues that affect a taxpayer's liability may shift to the Commissioner if "a taxpayer introduces credible evidence with respect to * * * such issue." See sec. 7491(a)(1). However, this provision does not apply if the taxpayer has failed to comply with the substantiation requirements. See sec. 7491(a)(2)(A).

Petitioner has not offered any evidence regarding the substance of the tax issues involved with this case. Petitioner has the burden of proof to produce

credible evidence to substantiate why he is excluded from filing tax returns or paying taxes on his income. See Rule 142; Welch v. Helvering, 290 U.S. at 115. Petitioner has offered only one letter into evidence, a letter he wrote to respondent in response to the notice of deficiency that was mailed to him from the IRS' New York office. Petitioner has offered no substantive evidence as to why the determined deficiency or the additions to tax are incorrect. Because petitioner has failed to meet his burden of proof and offer any substantive evidence as to why the determined deficiency is incorrect, this Court sustains respondent's determination for petitioner's 2006 tax year as set forth in the notice of deficiency.

Additions to Tax

Section 6651(a)(1) imposes an addition to tax on taxpayers who fail to file a timely tax return for any given tax period. Petitioner stipulated that he did not file an income tax return for tax year 2006. Consequently, this Court sustains the determined section 6651(a)(1) addition to tax for petitioner's tax year 2006.

Section 6651(a)(2) is an addition to tax imposed on taxpayers for their failure to pay timely the amount of tax they owe for the tax year. By his own admission, petitioner failed to file his tax return. Moreover, respondent submitted an official transcript for petitioner's 2006 tax year which shows that respondent filed a substitute for return pursuant to section 6020(b) on August 3, 2009, and

that no deposits or payments have ever been made on the account.  Consequently, this Court finds that petitioner has failed to make any payments toward his tax liability for his tax year 2006 and sustains the addition to tax under section 6651(a)(2).

The Court has considered all arguments the parties have made, and to the extent not discussed herein, we find they are meritless, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.