T.C. Memo. 2002-81


UNITED STATES TAX COURT


STANLEY HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7913-00L.                    Filed March 28, 2002.


<u>Joyce Griggs</u>, for petitioner.

<u>John A. Weeda</u> and <u>Judith C. Winkler</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


LARO, <u>Judge</u>:  Petitioner seeks judicial review under section 6330(d)[1] of an adverse Appeals Office collection action determination.

---

[1]  Unless otherwise indicated, section references are to the Internal Revenue Code applicable to the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some facts were stipulated.  We incorporate by this reference the parties' stipulation of facts and the accompanying exhibits.  Petitioner resided in Orofino, Idaho, when the petition in this case was filed.

Petitioner failed to file income tax returns for 1992 through 1995.  Respondent prepared substitute returns for each year at issue.  On March 28, 1997, a statutory notice of deficiency was issued to petitioner for 1992, and statutory notices of deficiency for 1993, 1994, and 1995 were issued to petitioner on October 24, 1997.  Respondent assessed $122,183.42 of income tax, penalties, and interest against petitioner for the years at issue.

On January 11, 2000, respondent issued a Final Notice of Intent to Levy and Notice of Your Right to a Hearing to petitioner.  Petitioner timely requested a hearing.  In his request for a hearing, petitioner raised a single argument:

> I do not agree with the collection action of
> levy and notice of intent to levy [notice
> date].  The basis of my complaint is what I
> believe to be the lack of a valid summary
> record of assessment pursuant to 26 CFR §
> 301.6203-1.  Without a valid assessment there
> is no liability. Without a liability there
> can be no levy, no notice of intent to levy,
> nor any other collection actions.

On April 26, 2000, respondent provided written notification to petitioner's representative that a telephone hearing was scheduled for June 6, 2000, and enclosed copies of respondent's computer transcripts of account for each of the tax years at issue. The Appeals officer relied upon the computer transcripts of account (a.k.a. MEFTRA or MEFTRA-X) that were contained in the administrative file as both proof that a valid assessment was made and verification of petitioner's liability.

At the time scheduled for the hearing, the Appeals officer placed telephone calls to petitioner's representative at two different telephone numbers provided by the representative. Petitioner's representative was not available at either number. The Appeals officer left messages at both numbers requesting that petitioner's representative contact the Appeals officer to reschedule the hearing. Petitioner's representative did not return either message.

On June 14, 2000, respondent sent to petitioner a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 AND/OR 6330" (notice of determination). The notice of determination states in pertinent part:

> You allege the assessments and the liabilities are invalid. Statutory Notice of Deficiency (SND) were sent to you dated March 28, 1997 for the 1992 tax year, and October 24, 1997 for the 1993, 1994 and 1995 tax years. There is no evidence that you responded to the SNDs either by filing

amended returns or petitioning the Tax Court. You are precluded from raising liability as an issue under IRC 6330(c)(2)(B). You have not provided any relevant information or proposed any alternative collection resolutions. You were offered an opportunity for a hearing to raise appropriate issues under the statute. You did not respond to this opportunity.

Without further cooperation, it is Appeals determination that the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary.

Petitioner timely filed a petition for judicial review of that determination. After the time the petition was filed with this Court, but before trial, respondent provided petitioner with copies of the Form 4340, Certificate of Assessments and Payments, for each year at issue.

OPINION

In the judicial review of a section 6330 determination where the validity of the underlying tax liability is properly at issue, the Court will review the matter de novo. Where the underlying liability is not at issue, the Court will review the Commissioner's administrative determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). In this case, the validity of the underlying tax is not at issue; consequently we review respondent's determination under the abuse of discretion standard.

Petitioner's sole allegation of error is that the Appeals officer abused her discretion by failing to obtain proper verification of the liability from the Secretary as required by section 6330(c)(1).[2]  The Appeals officer relied on the computer transcript of account to verify petitioner's tax liability. Respondent argues that in the absence of any evidence of an irregularity in the assessment, reliance upon the transcript of account as verification of the liability is sufficient to satisfy the requirements of section 6330(c)(1).  We agree with respondent.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand for payment, the Secretary may collect the tax by levy upon the taxpayer's property.  Section 6331(d) provides that the Secretary must provide the taxpayer with notice, including notice of the administrative appeals available to the taxpayer, before proceeding with collection by such a levy.

In 1998, Congress enacted section 6330 to provide additional procedural protections for taxpayers in tax collection matters

---

[2]  Any other issues raised by petitioner at the administrative level are deemed conceded because petitioner did not pursue them at trial and did not file a posttrial brief as required by the Court's rules.  See Rule 151(a); Remuzzi v. Commissioner, T.C. Memo. 1988-8, (issue not addressed by the taxpayers on brief deemed conceded) affd. without published opinion 867 F.2d 609 (4th Cir. 1989).

involving the imposition of a levy on a taxpayer's property. Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746. Section 6330 generally provides that the Secretary cannot proceed with the collection of taxes by way of a levy until the taxpayer has been given notice and an opportunity for administrative review of the matter (in the form of a hearing). Judicial review of the administrative determination is available if the taxpayer timely petitions this Court or the appropriate United States District Court. Sec. 6330(d).

Section 6330(c)(1) requires that the "appeals officer shall at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met." Petitioner relies upon section 301.6330-1(e)(1), Proced. & Admin. Regs., to demonstrate that respondent failed to comply with section 6330(c)(1).[3] Section 301.6330-1(e)(1), supra, governs the matters to be considered at the hearing and provides in relevant part:

---

[3] Petitioner actually referenced the temporary regulations, sec. 301.6320-1T(e)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3402-3403 (Jan. 22, 1999) We understand that petitioner intended to reference section 301.6330-1T(e)(1), Temporary Proced. & Admin. Regs., 64 Fed. Reg. 3411 (Jan. 22, 1999). Additionally, since this case was submitted final regulations were issued, and are applicable to this case. The final regulations effected no material change to the section cited by petitioner.

(e) Matters considered at CDP hearing

(1) In general. Appeals has the authority to determine the validity, sufficiency, and timeliness of any CDP Notice given by the IRS and of any request for a CDP hearing that is made by a taxpayer. Prior to issuance of a determination, the hearing officer is required to obtain verification from the IRS office collecting the tax that the requirements of any applicable law or administrative procedure have been met. * * *

We have previously held that an Appeals officer may rely on either a Form 4340 or a computer printout of the transcript of account for the taxpayer to verify the taxpayer's liability and that a valid assessment has been made. See Davis v. Commissioner, 115 T.C. 35 (2000); Kuglin v. Commissioner, T.C. Memo. 2002-51; Mann v. Commissioner, T.C. Memo. 2002-48; Wylie v. Commissioner, T.C. Memo. 2001-65. The information contained in a Form 4340 that is used to verify the validity of an assessment is also contained in a computer transcript of account. Accordingly, the Appeals officer's reliance upon the computer transcript as verification of petitioner's liability satisfied the requirements of section 6330(c)(1).

Moreover, when the Commissioner provides the taxpayer with the Form 4340 (i.e., proof of assessment) after the hearing and before the trial, and the taxpayer does not "show at trial any irregularity in the assessment procedure that would raise a question about the validity of the assessments," the taxpayer is

not prejudiced.  See <u>Nestor v. Commissioner</u>, 118 T.C. 162, 167 (2002).  In this case, petitioner was provided with a copy of the Form 4340 prior to trial.  However, petitioner did not allege any irregularities in the assessment procedure.  Petitioner also did not present any evidence at trial or otherwise show any irregularity in the assessment procedure.  Accordingly, we sustain respondent's determination that the collection action should proceed.

Additionally, petitioner has not alleged that the proposed method of collection is inappropriate.  Neither has petitioner offered any alternative means of collection, nor has he raised any spousal defenses.  Accordingly, we hold for respondent.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001).

Accordingly,

<u>Decision will be entered for respondent.</u>