T.C. Memo. 2002-224

UNITED STATES TAX COURT

TERRI ARMSTRONG, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10744-01L.          Filed September 9, 2002.

Terri Armstrong, pro se.

<u>Inga C. Plucinski</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  The petition in this case was filed in
response to a "NOTICE OF DETERMINATION CONCERNING COLLECTION
ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determina-
tion).

We must consider whether respondent abused respondent's
discretion in determining in the notice of determination to

proceed with collection with respect to each of petitioner's taxable years 1992 and 1995. We hold respondent did not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

Petitioner resided in Orem, Utah (Orem), at the time she filed the petition in this case.

On October 18, 1996, petitioner and her then husband, John Armstrong (Mr. Armstrong),[1] filed jointly Form 1040, U.S. Individual Income Tax Return (Form 1040), for their taxable year 1995 (1995 return).[2] On October 28, 1998, they filed jointly Form 1040 for their taxable year 1992 (1992 return). Although petitioner and Mr. Armstrong reported Federal income tax (tax) due in each of their 1992 and 1995 returns, at the time that they filed each of those returns, petitioner and Mr. Armstrong did not pay the tax shown due in each such return.

As reflected in Form 4340, Certificate of Assessments, Payments, and Other Specified Matters (Form 4340), with respect

---

[1]Mr. Armstrong is not a party in the instant case. At an undisclosed time after Oct. 12, 1996, but before Aug. 8, 2000, petitioner and Mr. Armstrong divorced.

[2]During July 1996 through at least Oct. 1996, petitioner and Mr. Armstrong were in the Dominican Republic. On Oct. 12, 1996, petitioner and Mr. Armstrong executed Form 2848, Power of Attorney and Declaration of Representative (power of attorney), in which they appointed Richard W. Souther (Mr. Souther) as their attorney-in-fact and authorized him to sign and file Form 1040 with respect to their taxable year 1995. Pursuant to that power of attorney, Mr. Souther executed and filed the 1995 return for petitioner and Mr. Armstrong.

to taxable years 1992 and 1995 of petitioner and Mr. Armstrong,[3] respondent assessed on the dates shown the following amounts of tax, an addition to tax, and interest:

| Year | Date of Assessment | Tax | Addition to Tax | Interest | Total Liability |
|------|------|------|------|------|------|
| 1992 | 2/22/1999 | $8,604.00 | --- | $4,808.21 | $13,412.21 |
| 1995 | 11/25/1996 | 300,609.00 | $9,758.24 | 13,278.23 | [1]323,659.47 |

[1]Form 4340 for taxable year 1995 of petitioner and Mr. Armstrong also reflects a $14 charge for "FEES AND COLLECTION COSTS", making the total liability for that year $323,659.47.

As reflected in Form 4340 with respect to petitioner's taxable year 1992, respondent credited $1,000 of tax withheld to the account of petitioner and Mr. Armstrong for their taxable year 1992, thereby reducing their unpaid liability for that year to $12,412.21.

As reflected in Form 4340 with respect to petitioner's taxable year 1995, respondent credited $6,653 of tax withheld, an estimated tax payment of $50,000, and a payment of $49,995.94 to the account of petitioner and Mr. Armstrong for their taxable year 1995, thereby reducing their unpaid liability for that year to $217,010.53.

On August 8, 2000, respondent issued to petitioner a final notice of intent to levy (notice of intent to levy) with respect

---

[3]For convenience, we shall hereinafter refer to respective Forms 4340 with respect to taxable years 1992 and 1995 of petitioner and Mr. Armstrong as respective Forms 4340 with respect to petitioner's taxable years 1992 and 1995.

- 4 -

to petitioner's taxable years 1992 and 1995.  That notice stated

in pertinent part:

>       Your Federal tax is still not paid.  We previously
> asked you to pay this, but we still haven't received
> your payment.  This letter is your notice of our intent
> to levy under Internal Revenue Code (IRC) Section 6331
> and your right to receive Appeals consideration under
> IRC Section 6330.
>
>       We may file a Notice of Federal Tax Lien at any
> time to protect the government's interest.  A lien is a
> public notice to your creditors that the government has
> a right to your current assets, including any assets
> you acquire after we file the lien.
>
>       If you don't pay the amount you owe, make alterna-
> tive arrangements to pay, or request Appeals consider-
> ation within 30 days from the date of this letter, we
> may take your property, or rights to property, such as
> real estate, automobiles, business assets, bank ac-
> counts, wages, commissions, and other income. * * *
>
> *       *       *       *       *       *       *
>
>       The amount you owe is * * *

| Form Number | Tax Period | Unpaid Amount from Prior Notices | Additional Penalty & Interest | Amount You Owe |
|---|---|---|---|---|
| 1040 | 12/31/1992 | [1]12412.21 | [2]3005.76 | 15417.97 |
| 1040 | 12/31/1995 | [1]217010.53 | [2]148214.35 | 365224.88 |
|  |  |  | Total: | 380642.85 |

[1]The amount shown for each of the years 1992 and 1995 under the heading "Unpaid Amount from Prior Notices" is the same as the amount of the balance shown due in Form 4340 with respect to each of petitioner's taxable years 1992 and 1995.

[2]The amount shown for each of the years 1992 and 1995 under the heading "Additional Penalty & Interest" is the additional amount of penalties and/or interest for each such year that is not reflected in Form 4340 with respect to each of petitioner's taxable years 1992 and 1995.

In response to the notice of intent to levy, on September 7, 2000, petitioner filed Form 12153, Request for a Collection Due

- 5 -

Process Hearing (Form 12153).  Petitioner attached the following

statement to Form 12153:

> I. NOTICE OF INTENT TO LEVY - Explanation for Disagree-
> ment
>
>     Income.     (1) There was a failure to issue
> Notices of Deficiency; (2) There was a failure to
> generate an assessment list; (3) There was a failure of
> the Commissioner to certify and transmit the assessment
> list; (4) There was a failure to record the assessment;
> (5) There was a failure to provide record of assess-
> ment; and, (6) There was a failure to send Notice of
> Assessment.

On May 17, 2001, the Internal Revenue Service (IRS) Appeals

officer (Appeals officer) assigned to petitioner's case sent

petitioner a letter (May 17, 2001 letter) in response to peti-

tioner's Form 12153.  That letter stated in pertinent part:

> I have received your Request for a Collection Due
> Process Hearing dated September 7, 2000, and I have
> reviewed the information in the administrative file.
> The assessments for both the 1992 and 1995 returns are
> based upon returns that were either signed by you and
> Mr. Armstrong (1992) or by an authorized representative
> because you were out of the country (1995).  No liabil-
> ity questions exist for these two years.  If you be-
> lieve either assessment is incorrect you should file an
> amended Form 1040X for these years correcting the tax
> liability.
>
> As part of IRC § 6330 two items that need to be ad-
> dressed as part of a collection due process hearing are
> alternative and least intrusive means of collection.
> In order to facilitate the resolution of your Request
> for a Collection Due Process Hearing, provide the
> following information no later than June 1, 2001.
>
>   1. A completed Form 433A, Collection Information
>      Statement for Individuals.
>   2. A completed Form 433B, Collection Information
>      Statement for Businesses (if self employed)[.]
>   3. Copies of your last six months bank statements.

    4. Information regarding any higher than normal or
       unusual expenses.
    5. Information regarding the real property you own.
       i.e. appraised value, purchase price, mortgage
       holders, balance due, equity.

    I have scheduled a telephone Appeals hearing for
    Wednesday, June 6, 2001, at 09:00 a.m.  Please let me
    know if you are unable to hold your hearing at this
    date and time. * * *

    *      *      *      *      *      *      *

    If you have any questions or concerns, please contact
    me at telephone number, * * *, or address, Internal
    Revenue Service-Appeals, * * *, Denver, Colorado,
    80204.

Petitioner did not respond to the May 17, 2001 letter and did not provide the Appeals officer with the information requested in that letter.  Nor did petitioner advise the Appeals officer that she objected to the telephonic hearing scheduled on June 6, 2001, and that she wanted a face-to-face hearing.

On May 31, 2001, the Appeals officer unsuccessfully attempted to contact petitioner by telephone in order to reschedule petitioner's telephonic hearing that had been scheduled for June 6, 2001.  When petitioner did not answer her telephone, the Appeals officer left a message on petitioner's answering machine informing her that he had rescheduled petitioner's telephonic hearing to June 7, 2001, at 9 a.m.

Although petitioner received the message that the Appeals officer had left on her answering machine on May 31, 2001, petitioner did not contact him to object to the telephonic

hearing rescheduled for June 7, 2001, nor did she inform him that she wanted a face-to-face hearing.

On June 7, 2001, the Appeals officer unsuccessfully attempted to contact petitioner in order to conduct the telephonic hearing that he had rescheduled for that day.

On June 14, 2001, the IRS Appeals Office sent petitioner another letter (June 14, 2001 letter). That letter restated certain portions of the May 17, 2001 letter and further stated in pertinent part:

> You failed to be available for our rescheduled Due Process telephone hearing. Because the time for the hearing was rescheduled you are advised that you have 30 calendar days from the date of this letter to contact me to schedule a mutually convenient time to hold your Due Process Hearing. Please contact me at the above telephone number between 8:00 a.m. and 4:00 p.m., Monday through Friday. If I should be unavailable to answer the telephone please leave a message with several times when you will be available for my return call. Please also advise me of the number you can be reached at when I call back.
>
> If I do not hear from you I will make a determination on your request for a due process hearing based upon the available information contained in your administrative file. A Notice of Determination would then be issued providing you with an opportunity to pursue this matter in the appropriate Federal Court.
>
> I would like to restate the information that was in my May 17, 2001, letter to you. * * *
>
> *      *      *      *      *      *      *
>
> If you have any questions or concerns, please contact me at telephone number, * * *, or address, Internal Revenue Service-Appeals, * * *, Denver, Colorado, 80204.

Petitioner did not respond to the June 14, 2001 letter and did not provide the IRS Appeals Office with the information requested in that letter.

On July 14, 2001, Mr. Armstrong, who at the time was no longer married to petitioner,[4] called the Appeals officer and left a message on his answering machine that petitioner and he would be filing an amended tax return for each of their taxable years 1992 and 1995. Mr. Armstrong did not indicate that petitioner wanted to schedule a face-to-face hearing with the Appeals officer. In fact, Mr. Armstrong did not indicate that petitioner wanted to schedule any type of hearing with the Appeals officer and did not indicate any times when petitioner would be available to speak to the Appeals officer.

Petitioner declined the opportunities offered to her by the IRS Appeals Office to have a hearing with respect to respondent's notice of intent to levy.

On July 24, 2001, the IRS Appeals Office issued to petitioner under section 6330[5] a notice of determination with respect to petitioner's taxable years 1992 and 1995. That notice stated in pertinent part:

---

[4]The record does not disclose that Mr. Armstrong had a power of attorney or similar document signed by petitioner authorizing him to represent petitioner before the IRS Appeals Office.

[5]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

**Summary of Determination**

It is Appeals determination that Collection is allowed to proceed with enforced collection actions.

Attached to the notice of determination was a document entitled

**"ENCLOSURE TO NOTICE OF DETERMINATION"**. That document stated in

pertinent part:

- All provisions of IRC § 6330 and IRC § 6320 have been met. The Secretary has provided sufficient verification that the requirements of applicable law or administrative procedures have been met.

- Your request for a Collection Due Process Hearing was made under IRC § 6330 to prevent proposed collection action and to question the underlying assessment. You alleged that the assessment was invalid for various and sundry reasons, none of which addressed the actual tax liability. The returns were reviewed and it was found the taxes are based upon returns that you filed and thus the correctness of the assessed tax is not an issue. You did not respond to the correspondence sent you or to be available for a scheduled hearing. You did not advise Appeals of your inability to be available for the hearing or of a better time to hold the hearing. You did not respond to an attempt to reschedule the hearing. You refused to provide any financial information, including the financial information necessary to make a determination of least intrusive and alternative means of collection. Therefore:

- It is Appeals determination that the proposed collection action balances the need for efficient collection of taxes with the taxpayer's legitimate concern that any collection action be no more intrusive than necessary because of the lack of financial information to explore alternative collection resolutions and your failure to be available for the Collection Due Process Hearing.

As of the time of the trial in the instant case, petitioner

and Mr. Armstrong had not filed an amended tax return for taxable

year 1992 or taxable year 1995.

OPINION

Where, as is the case here, the validity of the underlying tax liability is not placed at issue, the Court will review the administrative determination of the IRS Appeals Office for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

In petitioner's opening brief, petitioner asks us to consider the following issues: (1) Whether "petitioner was entitled to an in person hearing" and (2) whether "the Individual Master File Transcripts[6] * * * [and] Certificates of Assessments and Payments were admissible in evidence?"[7]

We turn first to the evidentiary issues that petitioner

---

[6]As discussed below, petitioner objects to the admissibility into evidence of, inter alia, certain documents that she refers to as the "Individual Master File Transcripts" (IMF transcripts). We assume that petitioner is referring to the documents entitled "Internal Revenue Service transcript(s)" (IRS transcripts) that were part of a joint exhibit that the parties attached to, and incorporated into, the stipulation of facts that they offered into evidence at the beginning of the trial in this case. The Court admitted into evidence and made part of the record in this case the stipulation of facts together with the exhibits attached thereto. Consistent with the parties' stipulation of facts in the instant case, we shall refer to those transcripts as IRS transcripts.

[7]Petitioner raises no other issues on brief. We conclude that petitioner has abandoned any other issues that she raised in the petition and at trial. See Rybak v. Commissioner, 91 T.C. 524, 566 n.19 (1988). Assuming arguendo that we had not concluded that petitioner abandoned any other issues that she raised in the petition and at trial, on the record before us, we find no merit in such other issues.

raises. With respect to the admissibility into evidence of the IRS transcripts, as noted above, those transcripts were part of a joint exhibit that the parties attached to, and incorporated into, the stipulation of facts that they offered into evidence at the beginning of the trial. At that time, the Court admitted into evidence and made part of the record in this case that stipulation of facts together with the exhibits attached thereto. Although petitioner failed to preserve in the stipulation of facts any objection to the IRS transcripts, she objected at trial to the admissibility into evidence of those transcripts because "they appear that they are a form of the individual master file and * * * those aren't admissible * * * because it's not read-able." The Court overruled petitioner's objection at trial. On brief, petitioner renews her objection.

Petitioner contends on brief that the IRS transcripts are "not admissible as a matter of law." That is because, according to petitioner, those transcripts are "indecipherable" and "To be considered at all, it [sic] can only be considered when admitted with the 6209 Manual." In support of her contention that the IRS transcripts are inadmissible "as a matter of law", petitioner relies on Huff v. United States, 10 F.3d 1440 (9th Cir. 1993), and United States v. Buford, 889 F.2d 1406 (5th Cir. 1989). We find those cases to be distinguishable from the instant case and petitioner's reliance on them to be misplaced. Neither Huff nor

Buford addressed the admissibility into evidence of the IMF transcripts involved in those cases. We have considered petitioner's renewed objection to the admissibility into evidence of the IRS transcripts, and we decline to change our ruling at trial with respect to those transcripts.[8]

With respect to the admissibility into evidence of respective Forms 4340 with respect to petitioner's taxable years 1992 and 1995, respondent offered those forms into evidence at trial, petitioner had no objection to them, and the Court admitted them into evidence and made them part of the record in this case. On brief, petitioner objects for the first time to the admissibility into evidence of respective Forms 4340 with respect to petitioner's taxable years 1992 and 1995. By failing to make a timely objection at trial, petitioner has waived her objection to the admissibility into evidence of those forms.[9]

_____

[8]We note that, even though the IRS transcripts are part of the instant record, we have not relied on those transcripts in reaching our findings and conclusions herein.

[9]Assuming arguendo that petitioner had not waived her claimed evidentiary objection to respective Forms 4340 with respect to petitioner's taxable years 1992 and 1995, we would nonetheless overrule that objection. In support of her position that Forms 4340 in question are not admissible into evidence, petitioner asserts on brief in pertinent part:

> They [Forms 4340 in question] were generated after the hearing date. The fact that the hearing itself didn't take place is irrelevant to the consideration. It is clear that the statute places the burden on the Respondent to establish "at the hearing" compliance with the

(continued...)

See Fed. R. Evid. 103(a)(1); United States v. Jamerson, 549 F.2d 1263, 1266-1267 (9th Cir. 1977); Fuller v. Commissioner, 20 T.C. 308, 314 (1953), affd. 213 F.2d 102 (10th Cir. 1954).

We turn now to the only other issue that petitioner on brief asks us to address, i.e., "Whether the petitioner was entitled to

---

[9](...continued)
law and procedure.  That would mean that the hearing officer would have had some form of admissible evidence available "at the hearing."  Since the Certificates [Forms 4340 in question] the Respondent are [sic] now trying to use were created after scheduled date of the hearing, it is clear that they would not have been available "at the hearing" had it taken place.

Petitioner's objection to Forms 4340 in question does not appear to be an evidentiary objection.  Petitioner seems to be arguing that, because respective Forms 4340 with respect to petitioner's taxable years 1992 and 1995 were generated as of Mar. 15, 2002, a date after the dates on which the Appeals officer scheduled and rescheduled a telephonic hearing with petitioner (i.e., June 6, 2001, and June 7, 2001, respectively), those forms may not be used to establish compliance with the requirement of sec. 6330(c)(1) that "The appeals officer * * * at the hearing obtain verification from the Secretary that the requirements of any applicable law or administrative procedure have been met."  We reject any such argument.  See Nestor v. Commissioner, 118 T.C. 162 (2002).  In this connection, petitioner's objection to Forms 4340 in question appears to be based on her misunderstanding as to what Form 4340 is.  Form 4340 is a document or transcript that shows as of a stated date the information as of that date with respect to a stated taxpayer regarding assessments, payments, and other specified matters that appears as of that date in the official records of the IRS with respect to that taxpayer.  That Form 4340 is generated as of a stated date does not mean that the information reflected in such form did not appear in the official records of the IRS before such date.  In this regard, respective Forms 4340 with respect to petitioner's taxable years 1992 and 1995 reflect, and we have found, that respondent assessed (1) on Nov. 25, 1996, tax, an addition to tax, and interest with respect to petitioner's taxable year 1995, and (2) on Feb. 22, 1999, tax and interest with respect to petitioner's taxable year 1992.

an in person hearing".  As we understand her position, petitioner contends that section 6330 entitled her to a formal face-to-face hearing because there is "absolutely no doubt that Congress intended that the Administrative Procedures Act govern [sic] (5 U.S.C. § 554 et. seq.) * * * would govern" and that therefore the telephonic hearing that the Appeals officer offered her did not comply with that section.  We have previously held that hearings under section 6330 are not formal adjudications.  See Katz v. Commissioner, 115 T.C. 329, 337-338 (2000); Davis v. Commissioner, 115 T.C. 35, 41 (2000).[10]  We concluded in Davis v. Commissioner, supra, that Congress, in providing for a hearing under section 6330, did not intend to depart from the informal IRS Appeals Office process already provided for under section 601.106(c), Statement of Procedural Rules.[11]  See Katz v. Commissioner, supra.  We reject petitioner's contention that section 6330 entitled her to a formal face-to-face hearing under the APA.

Although not altogether clear, petitioner may also be

---

[10]See also Barnhill v. Commissioner, T.C. Memo. 2002-116.

[11]Consistent with Katz v. Commissioner, 115 T.C. 329 (2000), Davis v. Commissioner, 115 T.C. 35 (2000), respondent issued final regulations under sec. 6330, effective on Jan. 18, 2002, with respect to any levy occurring on or after Jan. 19, 1999, which provide, inter alia, that the formal hearing procedures required under the Administrative Procedures Act, 5 U.S.C. secs. 551-559 (2000) (APA), do not apply to hearings under sec. 6330. Sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  See also sec. 301.6320-1(d)(2), Q&A-D6, Proced. & Admin. Regs., relating to hearings under sec. 6320.

contending that even if section 6330 did not entitle her to a formal face-to-face hearing under the APA, that section entitled her to an informal face-to-face hearing, and the Appeals officer rejected her request to have such a hearing. We have found that the Appeals officer scheduled a telephonic hearing with petitioner on June 6, 2001,[12] and rescheduled that telephonic hearing to June 7, 2001. We have also found that petitioner never advised the Appeals officer that she objected to the telephonic hearing scheduled for June 6, 2001, or the telephonic hearing rescheduled for June 7, 2001, or that she wanted a face-to-face hearing. In fact, petitioner never responded to the various letters sent to her by the IRS Appeals Office or the various telephone messages left by the Appeals officer on her answering machine. Although Mr. Armstrong telephoned the Appeals officer on July 14, 2001, at a time when he was no longer married to petitioner, and left a message on the Appeals officer's answering machine that petitioner and he would be filing an amended tax return for each of the taxable years 1992 and 1995, Mr. Armstrong did not indicate in that message that petitioner wanted to schedule a face-to-face hearing with the Appeals officer. Nor did Mr. Armstrong indicate that petitioner wanted to schedule any

---

[12]The record does not disclose why the Appeals officer decided to schedule a telephonic hearing with petitioner. We take judicial notice that the distance between Denver, Colorado, where the Appeals officer was located, and Orem, Utah, where petitioner resided, is approximately 500 miles.

type of hearing with the Appeals officer or indicate any times when petitioner would be available to speak to the Appeals officer. On the record before us, we reject any contention of petitioner that section 6330 entitled her to a face-to-face, albeit informal, hearing, which the Appeals officer refused to grant her.[13]

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining in the notice of determination to proceed with collection with respect to each of petitioner's taxable years 1992 and 1995.

We have considered all of petitioner's contentions and arguments that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

_____

[13]Although not altogether clear, petitioner may also be contending that sec. 6330 requires that a hearing between a taxpayer and an Appeals officer take place in all events. We reject any such contention. There is no requirement in sec. 6330 that an Appeals officer hold a hearing with a taxpayer who does not want one. We have found in the instant case that the Appeals officer provided petitioner with the opportunity to have a telephonic conference with him, that she declined that opportunity, and that she never requested a face-to-face, instead of a telephonic, hearing.

Moreover, we are not persuaded that it would be necessary or productive to remand this case to the IRS Appeals Office. <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).