T.C. Memo. 2003-25

UNITED STATES TAX COURT

KENNETH A. SCHREMS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10848-01L.            Filed January 28, 2003.

Kenneth A. Schrems, pro se.

Michael A. Pesavento, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, Judge:  The issue for decision is whether respondent abused his discretion in determining to proceed with collection.

FINDINGS OF FACT

Petitioner failed to file income tax returns relating to 1994, 1995, and 1996.  On December 28, 1998, respondent assessed deficiencies against petitioner relating to those years.  As of

July 31, 2001, petitioner's unpaid income tax liabilities were as
follows:

| Year | Unpaid Liability |
|------|------------------|
| 1994 | $13,776 |
| 1995 | 15,526 |
| 1996 | 12,897 |

Respondent also assessed a $564 penalty pursuant to section
6682[1] relating to petitioner's filing of a false Form W-4,
Employee's Withholding Allowance Certificate, relating to 1997.
On October 28, 2002, the Court granted respondent's motion to
dismiss for lack of jurisdiction and to strike as to the taxable
year 1997.

On April 11, 2001, respondent filed a lien for income taxes,
interest, and penalties owed by petitioner relating to the years
in issue.  That same day, respondent issued petitioner Form 3172,
a Notice of Federal Tax Lien Filing and Your Right to a Hearing
Under IRC 6320 (Notice of Federal Tax Lien).

On May 7, 2001, respondent received petitioner's Form 12153,
Request for a Collection Due Process Hearing (Request).  In
conjunction with his Request, petitioner sought discovery with
respect to 51 categories of documents including:  (1)
"Documentary evidence of the internal revenue district, * * * in
which [petitioner] * * * [is] liable for federal tax"; (2) the

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue.

"contracts" that require petitioner to pay taxes; and (3) the list of taxable "objects" owned by petitioner. Petitioner also demanded that he be allowed to question respondent's revenue agents.

By letters dated June 19, 21, and 26, 2001, respondent attempted to schedule a hearing with petitioner. On June 28, 2001, respondent sent petitioner transcripts of accounts which delineated all assessments for each of the years in issue. By letter dated June 28, 2001, petitioner declined to participate in a hearing, stating that "No hearing can possibly take place * * * [until] the government * * * [produces]" the documents establishing that he is subject to tax. The June 28, 2001, letter also states that he is not a "United States individual" subject to tax and only certain Federal employees are subject to tax. Petitioner did not propose collection alternatives, raise spousal defenses, or allege that he did not receive statutory notices of deficiency relating to the years in issue.

On July 31, 2001, respondent issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, in which respondent determined that the Notice of Federal Tax Lien should not be withdrawn, all legal and procedural requirements for collection had been met, and the filing of the lien was reasonable and not intrusive under the circumstances.

On August 30, 2001, petitioner, while residing in Palm Harbor, Florida, filed his petition for review of the determination.

OPINION

Section 6330(c)(2)(B) allows challenges to the existence or amount of the underlying liability if petitioner did not receive a notice of deficiency or have an opportunity to dispute the liability.  Where the validity of the underlying liability is properly at issue, the Court will review the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000).  In cases where the validity of the liability is not properly part of the appeal, the Court reviews the Commissioner's administrative determination for abuse of discretion.  See id.; see also Goza v. Commissioner, 114 T.C. 176, 182-183 (2000).  Because petitioner does not challenge the validity of the underlying tax liability in his petition, we review respondent's determination for abuse of discretion.

Petitioner contends that respondent failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures had been met pursuant to section 6330(c)(1).  We disagree.  Both the assessment of taxes and the recordation of the lien at issue were carried out in accordance with all appropriate statutes and regulations, as verified in the notice of determination.  Sec.

6330(c)(1).  Respondent verified the assessments with literal transcripts, which were sent to petitioner's attorney on June 28, 2001.  Kuglin v. Commissioner, T.C. Memo. 2002-51 (holding that absent a showing of irregularity, transcripts that identify the taxpayer, the character of the liability assessed, the taxable period, and the amount of the assessment are sufficient to establish that a valid assessment was made).  Petitioner did not provide any evidence of an irregularity in the assessment procedure that would raise a question about the validity of the assessment.  Nestor v. Commissioner, 118 T.C. 162, 167 (2002).

Petitioner also contends that a section 6330 hearing before an Appeals officer was not properly held.  Respondent offered petitioner the opportunity to meet either in person or by telephone.  Petitioner declined because he was not allowed to conduct discovery or to compel the appearance of witnesses.  Respondent, however, had no obligation to provide the documents requested by petitioner.  See Kuglin v. Commissioner, supra.  Moreover, petitioner does not have the right, in a section 6330 Appeals hearing, to subpoena witnesses.  Davis v. Commissioner, supra.  Respondent did not abuse his discretion by issuing his determination after petitioner refused to participate in the Appeals hearing.  Accordingly, we sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or

meritless.

To reflect the foregoing,

Decision will be entered

for respondent.