T.C. Memo. 2004-157

UNITED STATES TAX COURT

JASON R. HENDERSON, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19178-02L.                    Filed July 1, 2004.

Jason R. Henderson, pro se.

Lynette Mayfield and Caroline R. Krivacka, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GOEKE, Judge:  This case arises from respondent's issuance
of a Notice of Determination Concerning Collection Action(s)
Under Section 6320 and/or 6330 for petitioner's taxable year
1998.  The sole issue for decision is whether respondent's
determination to proceed with collection of petitioner's 1998
assessed tax liability was an abuse of discretion.  Because

petitioner has not raised any relevant issues relating to the unpaid tax or the proposed levy, we hold that it was not an abuse of discretion for respondent to determine to proceed with collection.

### FINDINGS OF FACT

On April 15, 1999, petitioner and his wife filed a joint Federal income tax return for 1998.[1]  On the 1998 return, petitioner reported his total income as zero and his total tax as zero.  On February 22, 2000, respondent issued petitioner a notice of deficiency for 1998, determining a deficiency of $4,331.  Petitioner did not petition this Court with respect to the notice of deficiency.  On July 9, 2001, respondent assessed the deficiency, along with additions to tax and interest.  On January 18, 2002, respondent sent petitioner a Final Notice-- Notice of Intent to Levy and Notice of Your Right to a Hearing Under Section 6330 with respect to petitioner's income tax liability for 1998.  On February 4, 2002, petitioner submitted a Form 12153, Request for a Collection Due Process Hearing, to the Internal Revenue Service Office of Appeals requesting a hearing under section 6330[2] (hearing).

---

[1] Although petitioner and his wife filed a joint tax return for 1998, her liability is not at issue in this proceeding.

[2] Unless otherwise indicated, all section references are to the Internal Revenue Code as amended.

On August 21 and September 23, 2002, respondent's Appeals officer sent letters to petitioner attempting to schedule a hearing. The letters notified petitioner that the hearing could be held in person, by telephone, or through written correspondence. In letters to the Appeals officer dated September 12 and October 7, 2002, petitioner requested an in-person hearing but stated that he would not be available until December 9, 2002. On October 24, 2002, the Appeals officer sent petitioner a letter stating that because of scheduling conflicts, a determination would be made on the basis of the administrative case file and the information petitioner had previously provided. Throughout his correspondence with petitioner, the Appeals officer also invited petitioner to submit additional information. Petitioner did not submit any additional information.

On November 21, 2002, the Appeals officer issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the issuance of the notice of intent to levy. On December 13, 2002, petitioner timely filed a petition with this Court.[3] At the time petitioner filed his petition, he resided in North Little Rock, Arkansas. Petitioner currently resides in Cabot, Arkansas.

---

[3] Petitioner's 1999 year was dismissed for lack of jurisdiction.

OPINION

A.  <u>Hearing Issue</u>

Petitioner's only argument at trial was that he did not receive a proper hearing.  Petitioner was given an opportunity at trial and on brief to raise any issues that he might have raised at a hearing such as spousal defenses, collection alternatives, and challenges to the appropriateness of the collection action, pursuant to section 6330(c).  Petitioner did not raise any of these issues at trial, and he failed to file a posttrial brief with the Court.  Petitioner presented various arguments in his Form 12153 and his petition, but all of these arguments are based on legal propositions that this Court has previously rejected.  Petitioner has not raised any relevant issues and has not shown that he would raise relevant issues at a hearing.  Consequently, even if we were to find that petitioner did not receive a hearing, the applicable law would not compel us to hold in his favor.  See <u>Lunsford v. Commissioner</u>, 117 T.C. 183, 189 (2001).  Therefore, we find it unnecessary to address the issue of whether petitioner received a hearing.  Instead, we will briefly address each of the arguments petitioner raised in his request for a hearing and in his petition.

B.  <u>Procedural Challenges</u>

Petitioner claims that he may challenge his underlying liability because he did not receive a valid notice of deficiency

for 1998.  Petitioner admits that he received the notice of deficiency issued to him for 1998 but contends that it is invalid because it was not signed by the Secretary, and no delegation order was provided to him upon request.  We reject petitioner's argument.  The Secretary's authority to issue notices of deficiency was delegated to the Service Center Directors.  Del. Ord. 77 (Rev. 28), May 17, 1996; secs. 301.6212-1(a), 301.7701-9(b), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. 162, 165 (2002).  The notice of deficiency petitioner received was signed by the Memphis Service Center Director. Section 6212, which requires the Secretary to issue notices of deficiency, does not require that respondent provide petitioner a copy of the delegation order.  See Nestor v. Commissioner, supra at 166.  Therefore, we conclude that petitioner did receive a valid notice of deficiency for 1998.

Section 6330(c)(2)(B) provides that a taxpayer may challenge the existence or amount of his underlying tax liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability."  Because petitioner received a notice of deficiency for 1998, he may not challenge his underlying tax liability for that year in a hearing or in this Court.  See id.

Petitioner next argues that the assessment against him was invalid because he did not file a return showing any tax due.

This argument is without merit and has been rejected in the past by this Court. See Nestor v. Commissioner, supra at 167. The Appeals officer provided petitioner with a copy of Form 4340, Certificate of Assessments, Payments and Other Specified Matters, a computer-generated transcript of petitioner's account. Absent a showing by the taxpayer of some irregularity in the assessment procedure that would raise a question about the validity of the assessments, a Form 4340 is presumptive evidence that a tax has been validly assessed. Davis v. Commissioner, 115 T.C. 35, 40 (2000). Petitioner has not shown, or even alleged, any irregularities in respondent's assessment procedures that would cast doubt on the accuracy of the Form 4340 or the validity of the assessment.

Section 6203 requires the Secretary to provide a record of assessment to a taxpayer upon the taxpayer's request. Petitioner claims that the Form 4340 provided to him was invalid because it was unsigned. However, a signed Form 4340 for petitioner's 1998 account is part of the record before us and was provided to petitioner before trial. The delivery of a signed Form 4340 before trial is sufficient to satisfy the requirement of section 6203 that the Secretary provide a record of assessment to the taxpayer upon request. Nestor v. Commissioner, supra at 167. Therefore, respondent has fulfilled the requirements of section 6203.

Petitioner next argues that the Appeals officer was required by section 6330(c)(1) to provide him with verification from the Secretary that the requirements of any applicable law or administrative procedures were met.  Section 6330(c)(1) requires the Appeals officer to "obtain" such verification, but it does not require the Appeals officer to provide the verification to the taxpayer.  Nestor v. Commissioner, supra at 166; sec. 301.6330-1(e)(1), Proced. & Admin. Regs.  As stated above, the Appeals officer did review Form 4340 for petitioner's 1998 account.  This was sufficient to fulfill the requirement of section 6330(c)(1).  Nestor v. Commissioner, supra at 166.

Petitioner next contends that he did not receive a notice and demand for payment for 1998 as required by section 6303(a).  However, the Form 4340 reviewed by the Appeals officer showed that a notice of balance due was sent to petitioner on July 9, 2001, and that a notice of intent to levy was sent to petitioner on January 18, 2002.  Each of these notices fulfills the notice and demand for payment requirement of section 6303(a).  Standifird v. Commissioner, T.C. Memo. 2002-245, affd. 72 Fed. Appx. 729 (9th Cir. 2003); see also Tornichio v. Commissioner, T.C. Memo. 2002-291.

C.   Section 6673 Penalty

At trial, respondent orally moved that the Court impose a penalty under section 6673.  Section 6673(a)(1) authorizes this

Court to impose a penalty on a taxpayer who has instituted or maintained a proceeding primarily for delay, or whose position is frivolous or groundless.  We gave petitioner an opportunity to raise legitimate arguments and to abandon his specious legal position, but he chose not to pursue this opportunity.  Since petitioner failed to raise any meaningful arguments, we conclude that he instituted and maintained this proceeding primarily for delay.  We shall impose a penalty of $1,500.

D.    Conclusion

Petitioner was given an opportunity to raise relevant issues at trial and on brief.  He did not raise any relevant issues at trial and did not file a posttrial brief with the Court.  Because petitioner has not shown that he would have raised any relevant issues at a hearing, we conclude that it is unnecessary to decide whether he received a hearing.  Accordingly, we hold that respondent's determination to proceed with collection was not an abuse of discretion.

An order and decision will be entered for respondent.