T.C. Summary Opinion 2005-16

UNITED STATES TAX COURT


JAMES L. GEARY AND CAROL O. GEARY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11327-04S.          Filed February 16, 2005.


James L. Geary and Carol O. Geary, pro sese.

Dennis R. Onnen and Robin Ferguson, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

_____

[1] All subsequent section references are to the Internal Revenue Code, as amended.  All Rule references are to the Tax Court Rules of Practice and Procedure.

This matter is before the Court on respondent's Motion For Summary Judgment, filed pursuant to Rule 121, as supplemented. Respondent contends that there is no dispute as to any material fact with respect to this levy action and that respondent's determination to proceed with collection of petitioners' outstanding tax liability for the taxable year 2000 should be sustained as a matter of law.

As explained in detail below, we shall grant respondent's motion, as supplemented.

Background

Petitioners resided in Bonner Springs, Kansas, at the time that the petition was filed with the Court.

Petitioners timely filed their Form 1040, U.S. Individual Income Tax Return, for 2000. On their return, petitioners listed their address as 112 Lake Forest, Bonner Springs, Kansas 66012 (the Lake Forest address).[2]

Based on information provided by a third-party payor indicating that petitioners might not have reported all of their income on their 2000 return, respondent commenced an examination of that return. On April 1, 2002, respondent sent petitioners a

---

[2] Petitioners attached to their return a Schedule C, Profit or Loss From Business, that also reflected the Lake Forest address as the business address of petitioner James L. Geary. In addition, petitioners attached to their return three Forms W-2, Wage and Tax Statement, each of which showed the Lake Forest address as petitioner Carol O. Geary's address.

30-day letter proposing a deficiency in their income tax. Respondent mailed the 30-day letter to petitioners at the Lake Forest address. Petitioners received the 30-day letter.

On April 17, 2002, petitioners filed with respondent a protest to the 30-day letter indicating their disagreement with the proposed deficiency. In their protest, petitioners listed their address as the Lake Forest address.

By notice of deficiency dated August 5, 2002, respondent determined a deficiency in petitioners' income tax for 2000 in the amount of $4,201. Respondent sent the notice of deficiency to petitioners by certified mail addressed to them at the Lake Forest address.[3]

The deficiency in income tax was based on respondent's determination that petitioners failed to report on their 2000 return all of the income received by them during that year.

Petitioners did not file a petition for redetermination with this Court in respect of the notice of deficiency. See sec. 6213(a). Accordingly, on December 30, 2002, respondent assessed the deficiency, together with interest as provided by law, and sent petitioners a notice and demand for payment. Petitioners did not pay the amount owing.

---

[3] The notice of deficiency was placed in the mail on Aug. 3, 2002, two days before the typewritten date appearing on the notice. Nevertheless, the notice correctly informed petitioners that the last day to file a petition for redetermination with this Court was Monday, Nov. 4, 2002.

On April 17, 2003, respondent sent to petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing (final notice). Respondent sent the final notice to petitioners at the Lake Forest address.

On May 5, 2003, petitioners filed with respondent a Form 12153, Request for a Collection Due Process Hearing. On the Form 12153, petitioners listed the Lake Forest address as their address.

The only issue raised by petitioners in the Form 12153 was a challenge to the existence or amount of the underlying liability.

During the course of the administrative phase of this case, respondent's Appeals Office in Kansas City, Missouri, corresponded with petitioners at the Lake Forest address. The Appeals Office also conducted a face-to-face hearing attended by petitioner James L. Geary. The only issue raised by petitioners before the Appeals Office was a challenge to the existence or amount of the underlying liability.

On June 3, 2004, respondent's Appeals Office sent to petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination). The Appeals Office sent the notice of determination to petitioners at the Lake Forest address.

In the notice of determination, the Appeals Office sustained the levy action.

The attachment to the notice of determination states, in part, that petitioners "disputed receiving the income asserted in a prior Notice of Deficiency", but that they "did not deny receiving the August 05, 2002 Notice of Deficiency."

On June 30, 2004, petitioners filed with the Court a petition for levy action under section 6330(d). In the petition, petitioners listed their address as the Lake Forest address. Petitioners attached to the petition as an exhibit a copy of the notice of determination and the aforementioned attachment.

The only issue raised by petitioners in the petition is a challenge to the existence or amount of the underlying tax liability.

As previously indicated, respondent filed a Motion For Summary Judgment. In the motion, respondent asserts, in part, as follows:

> * * * As noted by [the Appeals officer] in the attachment to the Notice of Determination, petitioners did not deny receiving the August 5, 2002 notice of deficiency, which was sent to the address where they still reside. * * * Thus, petitioners may not raise the underlying liability for 2000 as an issue in this case.

In objecting to the granting of respondent's motion, petitioners continued to challenge only the existence or amount of the underlying tax liability.

Discussion

The Court may grant summary judgment when there is no genuine issue of material fact and a decision may be rendered as

a matter of law. Rule 121(b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there is no genuine issue of material fact and that respondent is entitled to judgment as a matter of law.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the taxpayer has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c)(2)(A) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 609 (2000); <u>Goza v. Commissioner</u>, <u>supra</u>. Section 6330(d) provides for judicial review of the administrative determination in the Tax

Court or a Federal District Court, as may be appropriate.

As previously mentioned and as applicable herein, section 6330(c)(2)(B) bars a taxpayer from challenging the existence or amount of the taxpayer's underlying tax liability in a collection review proceeding if the taxpayer received a notice of deficiency and disregarded the opportunity to file a petition for redetermination with this Court. See Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002).

In their petition, petitioners challenge the existence or amount of the underlying tax liability for 2000. Respondent contends that petitioners are barred under section 6330(c)(2)(B) from mounting such a challenge in the context of this collection review proceeding because petitioners received the August 5, 2002 notice of deficiency for the tax in question. Respondent deduces the factual predicate for this contention from the following: (1) At all relevant times, petitioners have used as their mailing address the Lake Forest address; (2) the August 5, 2002 notice of deficiency was sent by certified mail to petitioners at the Lake Forest address; (3) the notice of deficiency was not returned to respondent by the U.S. Postal Service undelivered; (4) respondent's Appeals officer successfully corresponded with petitioners using the Lake Forest address; and (5) petitioners have never denied receiving the August 5, 2002 notice of deficiency.

Based on the record in this case, and with due regard to Rule 121(d), see Koenig v. Commissioner, T.C. Memo. 2003-40, we conclude that petitioners received the August 5, 2002 notice of deficiency.

In addition to the aforementioned five factors relied on by respondent, we observe that at the hearing on respondent's motion, counsel for respondent produced a complete copy of the August 5, 2002 notice of deficiency and represented that it had been obtained from petitioners during discussions by the parties preceding the hearing on respondent's motion. Moreover, in an Order issued prior to the hearing, the Court directed petitioners to state whether or not they received the notice of deficiency. In the Order, the Court went on to advise petitioners that in the absence of their denial, the Court would proceed on the basis that they actually received the notice of deficiency within a few days after its date of mailing. Petitioners never denied receipt; rather, they continued to challenge the existence or amount of the underlying liability.

In view of the foregoing, we hold that petitioners are barred, as a matter of law, from challenging the existence or amount of the underlying tax liability for 2000 in the present collection review proceeding. Sec. 6330(c)(2)(B).

Finally, petitioners have failed to offer an alternative means of collection (such as an installment payment agreement or

an offer-in-compromise); petitioners have also failed to raise properly any other justiciable issue.  See sec. 6330(c)(2)(A). Such matters are now deemed conceded.  See Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.").

Conclusion

In view of the foregoing, we conclude that there is no genuine issue of material fact that would necessitate a trial in this case and that respondent is entitled to judgment as a matter of law.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

An appropriate order and

decision will be entered.