T.C. Memo. 2006-102

UNITED STATES TAX COURT

DANIEL J. FORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3708-05L.                    Filed May 11, 2006.

Daniel J. Ford, pro se.

<u>William J. Gregg</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

WELLS, <u>Judge</u>:  Pursuant to section 6330(d), petitioner seeks judicial review of respondent's determination to proceed with a proposed levy.  The issue to be decided is whether respondent's determination was an abuse of discretion.  All section references are to the Internal Revenue Code, as amended.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulated facts and the accompanying exhibits are incorporated herein by this reference.

At the time of the filing of the petition, petitioner resided in Columbia, Maryland. Petitioner filed Federal income tax returns for 1990, 1991, 1994, 1995, 1996, 1997, 1998, and 2002. Because insufficient taxes were withheld or paid with respect to those returns, respondent assessed the following income tax liabilities:[1]

---

[1]Petitioner does not dispute the underlying liabilities that are the subject of the instant proceeding. Those liabilities were set forth in respondent's Form 4340, Certificate of Assessments and Payments, for each of the taxable years in issue. Respondent appears to have computed these liabilities by subtracting petitioner's payments, withholding, and excess FICA from the sum of petitioner's income tax, estimated tax penalty, late filing penalty, failure to pay penalty, interest, and fees/collection costs. We note that respondent's trial memorandum reported the liability for petitioner's 1996 taxable year as $6,648 rather than $6,448. The record demonstrates that additional interest, penalties, and additions to tax accumulated subsequent to the initial assessments. As of June 2, 2004, respondent determined that petitioner owed aggregate interest of $56,540 and penalties/additions to tax of $13,754.57.

| Taxable Year | Liability |
|------|------|
| 1990 | $14,276.52 |
| 1991 | 5,185.82 |
| 1994 | 7,125.11 |
| 1995 | 21,075.43 |
| 1996 | 6,448.00 |
| 1997 | 13,362.68 |
| 1998 | 21,936.82 |
| 2002 | 2,969.31 |
|  | $92,379.69 |

On June 2, 2004, respondent mailed to petitioner a Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing, for petitioner's 1990, 1991, 1994, 1995, 1996, 1997, 1998, and 2002 taxable years.  In response, petitioner timely filed a Form 12153, Request for a Collection Due Process Hearing.  With the Form 12153, petitioner submitted a statement contending, inter alia, that petitioner was incapable of paying the accrued interest and penalties, that the IRS misplaced three separate offers-in-compromise previously submitted by petitioner, that moving to a less expensive home was not financially feasible, and that petitioner supports a child.

Respondent's Appeals Office assigned the case to Settlement Appeals Officer Frank Kowalkowski (Appeals Officer Kowalkowski), who had no prior experience with petitioner's tax years in issue. On December 16, 2004, Appeals Officer Kowalkowski conducted a section 6330 hearing with petitioner by telephone.  On January 26, 2005, respondent's Appeals Office issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section

6320 and/or 6330, sustaining the proposed levy.  Petitioner timely petitioned the Court.

OPINION

Section 6330 provides that no levy may be made on any property or right to property of a person unless the Secretary first notifies the person in writing of the right to a hearing before respondent's Appeals Office.  Section 6330(c)(1) provides that the Appeals officer must verify at the hearing that applicable laws and administrative procedures have been followed. The Appeals officer may rely on a Form 4340 for purposes of complying with section 6330(c)(1).  Nestor v. Commissioner, 118 T.C. 162, 166 (2002).  At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including appropriate spousal defenses, challenges to the appropriateness of collection actions, and collection alternatives.  Sec. 6330(c)(2)(A).  The person may challenge the existence or amount of the underlying tax liability, however, only if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.  Sec. 6330(c)(2)(B).

In the instant case, petitioner does not challenge the underlying liabilities.  Consequently, we review respondent's determination for abuse of discretion.  See Goza v. Commissioner, 114 T.C. 176, 181-182 (2000); Sego v. Commissioner 114 T.C. 604,

610 (2000). We understand petitioner to contend that the failure of respondent's Appeals Office to accept a collection alternative constitutes an abuse of discretion.

During the section 6330 hearing, petitioner and Appeals Officer Kowalkowski reviewed petitioner's Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals (collection information statement), dated November 27, 2002. On the collection information statement, petitioner reported that he received monthly wage income of $9,500 as Finance Director of Rosenthal Acura and incurred the following monthly expenses:

| Item | Amount |
|------|--------|
| Food, clothing, and misc. | $1,000 |
| Housing and utilities | 2,000 |
| Transportation | 600 |
| Health care | 290 |
| Taxes (income and FICA) | 1,828 |
| Court-ordered payments | 500 |
| Child/dependent care | 200 |
| Life insurance | 210 |
| Other expenses | 2,000 |
| Total Living Expenses | 8,628 |

Based upon the aforementioned income and expenses, Appeals Officer Kowalkowski determined that an acceptable installment agreement would require monthly payments of approximately $1,900 rather than the $900 monthly payments proposed by petitioner prior to the section 6330 hearing. In addition to the possibility of an installment agreement, petitioner and Appeals Officer Kowalkowski discussed the opportunity for petitioner to

submit an offer-in-compromise or to discharge the tax liabilities in bankruptcy.  Appeals Officer Kowalkowski and petitioner did not agree to a collection alternative during the section 6330 hearing.  However, Appeals Officer Kowalkowski agreed to send petitioner transcripts of petitioner's accounts for each tax year in issue and to consider collection alternatives proposed by petitioner as of January 14, 2005.  Although Appeals Officer Kowalkowski subsequently mailed the transcripts, petitioner did not submit a collection alternative for Appeals Officer Kowalkowski's consideration.

As noted above, Appeals Officer Kowalkowski had no involvement with respect to the unpaid tax liabilities prior to the section 6330 hearing.  Based on our review of the record, we conclude that Appeals Officer Kowalkowski's determination that an acceptable installment agreement would require monthly payments of $1,900 is not an abuse of discretion.[2]  Petitioner did not challenge the appropriateness of the intended method of collection or raise a spousal defense.  Furthermore, petitioner has made no contention and offered no evidence that Appeals Officer Kowalkowski either failed to properly verify that all applicable laws and administrative procedures were followed or

---

[2]As noted above, petitioner did not submit a collection alternative for the consideration of respondent's Appeals officer either during or after the sec. 6330 hearing.  Furthermore, petitioner offered no credible evidence to demonstrate that petitioner could not pay $1,900 per month.

failed to balance the need for the efficient collection of taxes with the concern that the collection action be no more intrusive than necessary.

Based on the foregoing, we hold that respondent's determination to proceed with the collection of petitioner's tax liabilities for 1990, 1991, 1994, 1995, 1996, 1997, 1998, and 2002 was not an abuse of discretion.[3]

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.

---

[3]At trial, petitioner testified that his income and expenses have changed since the filing of the collection information statement.  As of Dec. 8, 2005, petitioner testified that he earned a $125,000 per year salary from Rosenthal Acura, that petitioner's housing and utilities expenses had risen to $5,000 per month, and that petitioner's health care expenses had risen to $700 per month.  Petitioner offered at trial to make a lump sum payment of $50,000 and monthly installment payments of $900. We note that the aforementioned changes to petitioner's income and expenses, even were we to consider them, would not alter our decision that respondent's determination did not constitute an abuse of discretion.