T.C. Memo. 2010-8

UNITED STATES TAX COURT

SALVADOR AND ELOISA GONZALEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21852-07L.                    Filed January 11, 2010.

<u>Brenda G. Bates</u>, for petitioners.

<u>James H. Brunson, III</u>, for respondent.

MEMORANDUM OPINION

WELLS, <u>Judge</u>:  Respondent sent a Notice of Determination
Concerning Collection Action(s) Under Section 6320 and/or 6330
(notice of determination) to petitioners with respect to a levy
to collect unpaid Federal income tax liabilities for their 1993,
1994, 1995, 1997, 1998, 1999, and 2000 tax years.  In response,
petitioners timely filed a petition, pursuant to section 6330(d),

seeking review of respondent's determination.[1]  We must decide whether respondent's Appeals officer abused her discretion by sustaining the levy collection action against petitioners' real property for tax years 1993, 1994, 1995, 1997, 1998, 1999, and 2000 by not properly balancing the Government's need for the efficient collection of taxes with petitioners' need for any collection to be no more intrusive then necessary as required pursuant to section 6330(c)(3)(C).

## Background

Some of the facts and certain exhibits have been stipulated by the parties.  The parties' stipulations of fact are incorporated in this opinion by reference and are so found.

At the time they filed the petition, petitioners resided in Georgia.

Petitioner Salvador Gonzalez is the pastor of a small church and engages in a small construction business.  Petitioner Eloisa Gonzalez is unemployed.

For tax years 1993, 1994, and 1995 petitioners timely filed joint Federal income tax returns.  On October 13, 1997, respondent asserted against petitioners additional income tax for taxable years 1993 and 1994 on the basis of examination of petitioners' returns.  On October 20, 1997, respondent asserted

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended.

against petitioners additional Federal income tax for taxable year 1995 on the basis of examination of petitioners' return. The additional tax resulted from petitioner Salvador Gonzalez' construction business.

For tax years 1997, 1998, 1999, and 2000 petitioners timely filed joint Federal income tax returns. Respondent asserted against petitioners additional tax on the basis of insufficient withholding and estimated tax payments.

A levy source was identified, and respondent sent petitioners Letter 1058A, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, dated February 6, 2007, regarding petitioners' liabilities for tax years 1993, 1994, 1995, 1997, 1998, 1999, and 2000.

On February 28, 2007, petitioners submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing. In their request petitioners claimed that the proposed levy action would create an undue hardship on their family because of insufficient funds with which to enter into an installment agreement. A hearing was held with respect to petitioners' levy notice.

Respondent requested that petitioners prepare their Federal income tax return for tax year 2006 and Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, for submission at the Appeals Office hearing.

On July 12, 2007, petitioners submitted a signed copy of their return for tax year 2006 (2006 return).  The 2006 return failed to include approximately $100,000 of income on Schedule C, Profit or Loss From Business, that related to petitioner Salvador Gonzalez' construction business.

On July 17, 2007, petitioners' attorney appeared at a face-to-face hearing with respondent's Appeals Officer Duvall (Ms. Duvall).  Petitioners submitted their Form 433-A at the hearing.  On Form 433-A petitioners listed two properties--a home having a value of $280,000 and a mortgage balance of $54,700, and an unimproved lot having a value of $32,000 (the real properties).[2] Form 433-A also showed that petitioners' monthly expenses exceeded their monthly income.  The sole issue raised at the Appeals Office hearing was a collection alternative.  At the hearing, Ms. Duvall informed petitioners' attorney that if petitioners filed an amended return that included the approximately $100,000 of missing construction income, petitioners' collection alternative would be considered on the basis of hardship.

On August 13, 2007, Ms. Duvall examined petitioners' financial statement and determined that petitioners had sufficient equity in their real properties to fully pay the

_____

[2]Petitioners have placed a "for sale by owner" sign in front of each property asking $330,000 for the home and $85,000 for the unimproved lot.

outstanding tax liabilities.  In a letter dated August 24, 2007, Ms. Duvall sustained the proposed levy action, citing the equity available in petitioners' real properties.

After the Appeals Office hearing petitioners filed an amended return for taxable year 2006 (2006 amended return) which included approximately $100,000 in gross income from petitioner Salvador Gonzalez' construction business.  The 2006 amended return resulted in a small refund to petitioners.

Petitioners are currently in full compliance with the filing of their individual Federal income tax returns.

## Discussion

Section 6330 requires, before any levy on any person's (taxpayer's) property or right to property, that the Commissioner give the taxpayer notice of intent to levy and notice of the right to a fair hearing before an impartial officer of the IRS Appeals Office.  Secs. 6330(a) and (b), 6331(d).  At the hearing a taxpayer may raise appropriate spousal defenses, challenge the appropriateness of collection actions, and offer collection alternatives.  Sec. 6330(c)(2)(A).  Additionally, the taxpayer may challenge the existence or amount of the underlying tax liability only if the taxpayer did not receive a notice of deficiency or did not otherwise have an opportunity to challenge the underlying liability.  Sec. 6330(c)(2)(B).  At the hearing, generally, the Appeals officer must consider the above-stated

issues raised by the taxpayer, verify that the requirements of applicable law and administrative procedure have been met, and consider whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the * * * [taxpayer] that any collection action be no more intrusive than necessary." Sec. 6330(c)(3).[3]

Where the validity of the underlying tax liability is properly in issue, the Court will review the matter de novo. Where the validity of the underlying tax is not properly in issue, however, the Court will review the Commissioner's determination for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). An abuse of discretion is any action that is arbitrary, capricious, or without sound basis in law or fact. Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

In the instant case, the underlying liabilities are not in issue. Accordingly, we review the Appeals officer's

---

[3]Petitioners made no argument regarding whether the assessment in the instant case was proper. We have held that the requirement pursuant to sec. 6330(c)(1) to verify that all applicable laws have been met generally is satisfied if the Appeals officer relied on a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, or a transcript containing similar information. There is no requirement that the document be given to the taxpayer during the hearing. Nestor v. Commissioner, 118 T.C. 162 (2002). The record in the instant case contains a Form 4340 for each of the years in issue.

determination under the abuse of discretion standard.  See <u>Sego</u> v. <u>Commissioner</u>, <u>supra</u>; <u>Goza</u> v. <u>Commissioner</u>, <u>supra</u>.

Petitioners contend that respondent did not consider their amended return for tax year 2006 and that respondent was adequately protected by the liens in place on petitioners' real property.  Petitioners contend that respondent, by failing to consider those matters, did not balance the Government's need for efficient collection of taxes with the concern of petitioners that any collection action be no more intrusive than necessary. See sec. 6330(c)(3)(C).  Petitioners contend that respondent's failure to engage in such balancing was an abuse of discretion. Respondent contends that Ms. Duvall's determination under section 6330(c)(3)(C) was not an abuse of discretion and petitioners have sufficient equity in their real properties to fully pay their tax liabilities.

We first consider the issue of respondent's failure to consider petitioners' 2006 amended return.  Petitioners contend that it was an abuse of discretion to make a levy determination without considering the amended return.  Respondent contends that nothing on the amended return, whether or not considered by Ms. Duvall in making her determination to proceed with the levy, would entitle petitioners to a reversal of the levy determination.

As required under section 6330(c)(3)(C), an Appeals officer should consider, among other things, a taxpayer's actions, compliance history, and financial circumstances when balancing the Government's needs with those of the taxpayer. Internal Revenue Manual pt. 8.7.2.3.13(6) (Jan. 1, 2006). In the instant case, the sole issue raised at the Appeals Office hearing was a collection alternative. Ms. Duvall did not consider petitioners' financial condition when she informed petitioners that, if they amended their Form 1040, U.S. Individual Income Tax Return, for taxable year 2006, she would consider whether collection of their liabilities would cause them economic hardship.[4] Petitioners submitted Form 433-A, which included information on petitioners'

---

[4]Sec. 7122(a) provides that "The Secretary may compromise any civil * * * case arising under the internal revenue laws". Whether to accept an offer-in-compromise is left to the Secretary's discretion. Fargo v. Commissioner, 447 F.3d 706, 712 (9th Cir. 2006), affg. T.C. Memo. 2004-13. The regulations pursuant to sec. 7122(a) set forth three grounds for the compromise of a tax liability: (1) Doubt as to liability; (2) doubt as to collectability; or (3) promotion of effective tax administration. Sec. 301.7122-1(b), Proced. & Admin. Regs. The Commissioner may compromise on doubt as to collectability where the taxpayer's assets and income are less than the full amount of the assessed liability. Id. Generally, the Commissioner will accept an offer-in-compromise only if it reflects the taxpayer's reasonable collection potential. Rev. Proc. 2003-71, sec. 4.02(2), 2003-2 C.B. 517, 517. However, the Commissioner may also compromise on the grounds of effective tax administration when: (1) Collection of the full liability would create economic hardship; or (2) exceptional circumstances exist such that collection of the full liability would undermine public confidence that the tax laws are being administered in a fair and equitable manner; and (3) compromise of the liability would not undermine compliance by taxpayers with the tax laws. Sec. 301.7122-1(b)(3), Proced. & Admin. Regs.

financial condition, at the Appeals Office hearing. It was only after the hearing that Ms. Duvall was able to consider the section 6330(c)(3)(C) balancing because only at that point could she consider all the relevant factors. Only following that review was Ms. Duvall able to determine that petitioners had sufficient equity to fully pay their liabilities and identify a levy source. We also note that petitioners' 2006 return omitted nearly $100,000 of income. The "change" in petitioners status was not a result of a failure to consider the 2006 amended return, but rather of Ms. Duvall's full consideration of all the relevant facts. Accordingly, we conclude that Ms. Duvall did not abuse her discretion by not considering the 2006 amended return.

We next turn to the issue of respondent's liens on petitioners' real properties. Once an assessment has been made against a taxpayer, section 6303 directs the Commissioner to give the taxpayer notice of the assessment, and demand payment, within 60 days. If a taxpayer fails to pay, then the Federal tax lien arises and attaches to all of the taxpayer's property and rights to property. Sec. 6321.

The Commissioner generally has 10 years from the date of a properly assessed tax to collect the amount due. Sec. 6502. The period of limitations on collections is suspended while a taxpayer's case is pending in the Tax Court and for 60 days thereafter. Sec. 6503(a). If the 10-year period of limitations

on collections is allowed to expire, a properly assessed tax may become uncollectible.

Petitioners contend that respondent is fully protected by the Federal tax lien. While petitioners offered to sell their real properties to satisfy the lien, petitioners did not offer to extend the period of limitations, and respondent was not given any assurances that a sale would occur in a reasonable time. Rather, petitioners merely insist that the Federal tax lien in place is sufficient security for the Government's interests while petitioners seek a buyer for the real properties.

Respondent issued a notice of intent to levy on February 6, 2007, approximately 8 months before the period of limitations on collections would have expired for 3 of the years in issue.[5] Had respondent failed to proceed with collection of petitioners' liabilities for an additional 8 months, the liabilities for tax years 1993, 1994, and 1995 might have become uncollectible on account of the expiration of the period of limitations.[6] We do

---

[5]Taxes and penalties for the 1993 and 1994 tax years were assessed on Oct. 13, 1997. For 1993 and 1994, the period of limitations on collections, if not extended, would have expired on Oct. 12, 2007. Assessment for the 1995 taxable year was made on Oct. 20, 1997. For 1995, the period of limitations on collections, if not extended, would have expired on Oct. 19, 2007. The notice of intent to levy was sent on Feb. 6, 2007, approximately 8 months short of the dates on which the 10-year periods of limitations on collections might otherwise have expired.

[6]As of Feb. 6, 2007, the date of the notice of intent to
(continued...)

not find respondent's decision to proceed to be an abuse of discretion.

Petitioners also contend that they could sell the real properties for more than respondent could in a foreclosure proceeding.  However, it is not an abuse of discretion to require that taxpayers with sufficient assets to satisfy their liabilities pay them off more rapidly than would be accomplished through other methods.  Castillo v. Commissioner, T.C. Memo. 2004-238; Clawson v. Commissioner, T.C. Memo. 2004-106.  We note that petitioners' real properties have sufficient value for petitioners to pay off the tax liabilities in full and that petitioners' real properties are a home in which they are not living and a vacant lot.  Petitioners offered little evidence to prove that they are actively proceeding to sell their real properties.  Petitioners did not offer proof that the real properties were listed with a broker.  Petitioners merely have placed a "for sale by owner" sign in front of each of the real properties.  Moreover, the only payments petitioners have made on their tax liabilities over the preceding 10 years have been by respondent's application of refunds.  It is evident that petitioners have made little effort to satisfy their tax

---

[6](...continued)
levy, petitioners had outstanding liabilities of $22,619, $124,266, and $9,882 for tax years 1993, 1994, and 1995, respectively.  The total liability for the years in issue was $179,722.

liabilities.  Given that the periods of limitations on collections were close to expiration for several tax years, we conclude that it was not an abuse of discretion for respondent to sustain the levy action against petitioners without relying solely on the liens that were in place.

On the basis of the foregoing, we hold that Ms. Duvall did not abuse her discretion on the issue of the balancing of the Government's need for the efficient collection of taxes with petitioners' need for collection not to be any more intrusive than necessary.  Accordingly, we uphold respondent's determination to proceed with the collection of petitioners' tax liabilities in issue.

The Court has considered all other arguments made by the parties and, to the extent we have not addressed them herein, we consider them moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.